UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY BOHR,       )<br>                  )<br>        Plaintiff,   )<br>                  )<br>                  )   No. 09 C 4281<br>        v.        )<br>                  )   Senior U. S. District Court Judge<br>CORRIGAN MOVING SYSTEMS, et al., )   George W. Lindberg<br>                  )<br>                  )<br>        Defendants.  ) | |

**MEMORANDUM OPINION AND ORDER**

On July 16, 2009, Mary Bohr filed a complaint against Corrigan Moving Systems and Larry Stein alleging violations of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA"). Defendant Stein moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, defendant Stein's motion to dismiss is granted.

Defendants are engaged in the business of providing relocation and moving services to the public. Plaintiff alleged that she was employed by defendants. Plaintiff further alleged that defendants employed plaintiff on a "salaried" basis when, in fact, her job duties did not qualify under any of the exemptions established by the FLSA. Plaintiff claimed that she worked in excess of 40 hours in a workweek, without compensation for overtime at a rate of one and one-half times her regular rate. Plaintiff argued that defendants' compensation policies and practices violated the FLSA, IMWL, and IWPCA.

Plaintiff's obligation to provide the grounds for entitlement to relief in a complaint

09 C 4281

requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, plaintiff's factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* To survive a motion to dismiss, a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Id.* at 570. When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Defendant Stein argues that plaintiff failed to plead sufficient facts to show he qualified as an "employer" under the FLSA, IMWL, and IWPCA. The FLSA defines "employer" to include, in relevant part, "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Both the IMWL and IWPCA define "employer" to include, in relevant part, "any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." 820 ILCS 105/3(c); 820 ILCS 115/2. The IWPCA further provides that "[a]ny officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation." 820 ILCS 115/13.

With respect to defendant Stein, plaintiff failed to plead facts sufficient to state a claim for relief that is plausible on its face. *See Bell Atl. Corp.*, 550 U.S. at 570. Plaintiff alleged that "Defendants, Corrigan Moving Systems, and Larry Stein, Individually, . . . are engaged in the business of providing relocation and moving services to the public." Plaintiff further alleged that

09 C 4281

"During all relevant times, Defendants were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff . . . and, therefore, were and are 'employers' as defined under both the federal and state statutes relied upon herein." While detailed factual allegations are not necessary to survive a Rule 12(b)(6) motion to dismiss, plaintiff merely recited the definition of "employer" under the FLSA, IMWL, and IWPCA. Plaintiff's obligation to allege facts showing defendant Stein came within the purview of the applicable statutes requires more than merely pleading "labels and conclusions." *Id.* at 555.

In her response to defendant Stein's motion to dismiss, plaintiff argued that "Defendant cannot deny that Stein was the general manager of the location at which Plaintiff worked or that Plaintiff Bohr 'reported to' Stein during the course of day-to-day tasks and duties performed." While this contention does not appear in the complaint and so will not prevent dismissal, it suggests the complaint's defects may be remediable. Accordingly, defendant Stein's motion to dismiss is granted and plaintiff is granted leave to file an amended complaint. *See E.E.O.C. v. Home by Hemphill, Inc.*, No. 95-C-1138, 1995 WL 683502, at *3 (N.D. Ill. Nov. 16, 1995).

ORDERED: Defendant Stein's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [10] is granted. Plaintiff Mary Bohr is granted leave to file an amended complaint on or before November 12, 2009.

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: October 29, 2009